# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELO VALENZUELA,<br>TDCJ No. 02201022,<br><br>      Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>      Respondent. | §§§§§§§§§§§§§ | CIVIL NO. SA-20-CA-0963-FB |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Angelo Valenzuela's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent Bobby Lumpkin's Answer (ECF No. 9) thereto. Petitioner challenges the constitutionality of his 2018 state court conviction for evading arrest, arguing: (1) the state habeas court deprived him of a fair opportunity to litigate his allegations, (2) his trial counsel rendered ineffective assistance, and (3) his guilty plea was involuntary. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In May 2018, petitioner pleaded guilty to one count of evading arrest or detention in a motor vehicle and was sentenced to ten years of imprisonment. *State v. Valenzuela*, No. A17527 (216th Dist. Ct., Kerr Cnty., Tex. May 17, 2018); (ECF No. 10-2 at 12-14). Pursuant to the plea

bargain agreement, petitioner judicially confessed to committing the offense and waived his right to appeal. (ECF No. 10-2 at 5-11). As a result, petitioner did not appeal his conviction and sentence.

Instead, petitioner challenged his conviction by filing a state habeas corpus application on September 4, 2019. *Ex parte Valenzuela*, No. 90,530-01 (Tex. Crim. App.); (ECF No. 10-2 at 16-36). The Texas Court of Criminal Appeals denied the application without written order on November 27, 2019. (ECF No. 10-1). Petitioner then placed the instant federal habeas petition in the prison mail system on August 4, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends the allegations raised in petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final Monday, June 18, 2018, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[1] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on June 18, 2019. Because petitioner did

---

[1] Because the thirtieth day was a Saturday, petitioner's conviction became final the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

not file his § 2254 petition until August 4, 2020—well over a year after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.      Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant conviction and sentence by filing an application for state post-conviction relief in September 2019. (ECF No. 10-2 at 16-36). But as discussed previously, petitioner's limitations period for filing a federal petition expired in June of 2019. Because the state habeas application was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed August 4, 2020, is still over a year late.

B. **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In the briefing attached to his § 2254 petition, petitioner appears to request tolling based on the Supreme Court cases of *Martinez v. Ryan*[2] and *Trevino v. Thaler*,[3] arguing that the denial of counsel during his state habeas proceedings should excuse his untimeliness. But *Martinez* and *Trevino* addressed exceptions to the procedural default rule—they do not apply to the statute of limitations or equitable tolling. *See Trevino*, 569 U.S. at 429 (holding the Texas bar on subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.") (citing *Martinez*, 566 U.S. at 17).[4] Thus, neither case provides a basis for equitable tolling.

---

[2] *566 U.S. 1 (2012).*

[3] 569 U.S. 413 (2013).

[4] *See also, e.g.*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Cathcart v. Davis*, 2019 WL 1318364, at *3 (N.D. Tex. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 1316031 (N.D. Tex. Mar. 22, 2019) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Anacleto v. Stephens*, 2014 WL 3012528, at *2 (W.D. Tex. July 2, 2014) (same).

Further, petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, equitable tolling does not apply.

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in petitioner's federal petition concern the constitutionality of his May 2018 guilty plea, conviction, and sentence for evading arrest, yet petitioner did not submit a state habeas corpus application challenging this conviction until September 2019, over fourteen months after his conviction had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Further, petitioner fails to provide any legitimate reason why he waited another eight months after the denial of his state habeas application in November 2019 to file the instant petition in this Court.

Because petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

## III. **Certificate of Appealability**

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and petitioner Angelo Valenzuela's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 14th day of July, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE